**Opinion filed March 21, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00052-CR

_____

## STONY RAY WILSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Mitchell County, Texas**
**Trial Court Cause No. 7607**

### MEMORANDUM OPINION

After he waived his right to a jury trial, Stony Ray Wilson entered an open plea of guilty to the second-degree felony offense of aggravated assault with a deadly weapon. The trial court found Appellant guilty, assessed his punishment at confinement for sixteen years and a fine of $5,000, and sentenced him accordingly. In two issues on appeal, Appellant contends that he was denied effective assistance of counsel when trial counsel (1) failed to object to an unsworn "victim impact

statement" made by the victim's wife, Mindy Hale, and (2) failed to object when the trial court allowed Mindy Hale, who was not under oath, to read her statement to the trial court before the trial court had assessed punishment and pronounced sentence. We affirm.

After he had spent the day drinking heavily, Appellant threatened to kill his wife, Elizabeth Wilson. When Elizabeth ran out of their residence, Appellant went to find her. Armed with a gun and a knife, Appellant went to Teresa Lopez's house, banged on her door, stated that his wife was missing, and shot his gun at Lopez's house. Lopez called 9-1-1.

Mitchell County Deputy Sheriff Jeremiah Witte and Westbrook Volunteer Fire Chief Brandon Hale, the victim in this case, responded to the 9-1-1 call; Chief Hale arrived first. While Deputy Witte searched for Appellant, Chief Hale talked to Elizabeth, and while he was talking to her, Appellant attacked him. Appellant hit Chief Hale in the face and knocked him down. Chief Hale testified that, during the attack, he felt Appellant try to cut his throat. Appellant stabbed Chief Hale several times—twice in the face. They wrestled on the ground until Deputy Witte arrived. When Deputy Witte arrived, Appellant fled.

Bambi Redwine, a first responder paramedic, testified that a knife wound in Chief Hale's back was not only deep but was so wide that she "could've stuck [her] hand inside of it." During his recovery, Chief Hale developed three or four staph infections and lost his left eye. Chief Hale testified that this incident made life difficult and stressful for him and for his family, especially for his wife. Additionally, Chief Hale was not able to work for the three months that it took for him to recover from the injuries inflicted upon him by Appellant.

Appellant testified that, on the evening of the assault, he saw his wife with "some guy" and "freaked out"; he felt like he was being attacked. Appellant testified that, during the incident, he was coming in and out of being "blacked out" from

2

drinking and did not remember that he threatened his wife, that he shot his gun at Lopez's residence, or that he attacked Chief Hale. Appellant testified that he had struggled with alcohol addiction for thirty years. He also testified that, after the assault, he was diagnosed with bipolar depression and that he had stopped drinking alcohol.

After Appellant entered his guilty plea, and before the trial court assessed punishment, Mindy Hale verbally read a statement that she had prepared and in which she described the impact of the assault on her, her husband, and their children. As we have noted, Mindy Hale's written statement was not made under oath and neither was she placed under oath in the trial court. Immediately after Mindy Hale read her statement to the trial court, the trial court found Appellant guilty, assessed his punishment, and sentenced him.

Subsequently, Appellant filed a motion for new trial. In the motion and in an affidavit filed with the motion, counsel who represented Appellant during the plea proceedings admitted that he "failed" to object to Mindy Hale's statements even though he should have because "Mindy Hale is not a victim and should not have been allowed to testify as a victim." Counsel claimed that his failure to object constituted ineffective assistance and was harmful to Appellant and that, therefore, a new punishment hearing should be held. We reiterate that Appellant seeks relief based solely upon his ineffective-assistance-of-counsel claims.

Even if we were to agree that Mindy Hale's oral and written statements should not have been considered by the trial court for the reasons claimed by Appellant, issues upon which we express no opinion, Appellant would not prevail in this appeal. In order to establish that trial counsel rendered ineffective assistance at trial, Appellant must show that trial counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466

U.S. 668, 687, 694 (1984); *Ex parte Bryant*, 448 S.W.3d 29, 39–40 (Tex. Crim. App. 2014). Courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

"[A]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Under normal circumstances, "[d]irect appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped." *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). The Texas Court of Criminal Appeals has said that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). If trial counsel did not have an opportunity to explain his actions, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Appellant presented nothing to overcome the strong presumption that trial counsel's actions constituted sound trial strategy. Although Appellant filed a motion for new trial, there was never a hearing on that motion. In the motion and in an affidavit filed with the motion, trial counsel admitted that he "failed" to object to Mindy Hale's statements even though he should have because "Mindy Hale is not a victim and should not have been allowed to testify as a victim." Appellant's trial

counsel claimed that his failure to object constituted ineffective assistance, was harmful to Appellant, and warranted a new trial on punishment. However, Appellant's trial counsel did not present this affidavit as evidence to the trial court. Even if an affidavit is attached to a motion for new trial, the motion for new trial is not self-proving. *Jackson v. State*, 139 S.W.3d 7, 20 (Tex. App.—Fort Worth 2004, pet. ref'd). A trial court may receive evidence by affidavit during a hearing on a motion for new trial, but the mere attachment to the motion is not itself evidence. *Id.* It is not evidence until it is introduced as such. *Id.*

The record reflects that Mindy Hale's victim impact statement described the emotional stress felt by her husband and by her family. Appellant appeared to base his defense on contrition related to the incident. Any attack upon Mindy Hale's statement might very well have caused Appellant to appear something other than contrite. In his testimony, Chief Hale described how the assault had made life difficult and stressful for him and for his family, especially his wife, and stated that he was off work for three months while he recovered from the stab wounds inflicted by Appellant.

Even if we were to agree that trial counsel's representation fell below an objective standard of reasonableness, Appellant has not shown how he was prejudiced. The trial court heard testimony that Appellant threatened to kill his wife and stabbed a fire chief several times. Appellant claimed that he was coming in and out of being "blacked out" from drinking and did not remember that he had threatened his wife, that he had shot at Lopez's residence, or that he had attacked Chief Hale. Given the seriousness of the crime and the extent of Chief Hale's injuries, Appellant has not shown that, but for trial counsel's allegedly deficient performance, the trial court would have reached a more favorable verdict on punishment. To hold otherwise would be an impermissible exercise in conjecture

and speculation. *See Ex parte Cash*, 178 S.W.3d 816, 818–19 (Tex. Crim. App. 2005).

Accordingly, we conclude that Appellant has not shown that he received ineffective assistance of counsel. We overrule Appellant's first and second issues on appeal.

We affirm the judgment of the trial court.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

March 21, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.